```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

WILBERT K. TURNER,              :
                                :
     Plaintiff,                 :
                                :
V.                              :   CASE NO. 3:08-CV-996(RNC)
                                :
SHIRLEY GATTISON, ET AL.,       :
                                :
     Defendants.                :
```

ORDER

Plaintiff, a Connecticut pretrial detainee proceeding pro se and in forma pauperis, filed this suit pursuant to 42 U.S.C. § 1983 against Shirley Gattison, a Norfolk, Virginia-based enforcement clerk for the Department of Homeland Security; Thomas Sochor, a Norfolk, Virginia-based special agent for the Department of Homeland Security; and the Department of Homeland Security, alleging civil rights violations.  Because § 1983 does not apply to claims alleging civil rights violations by federal employees, the pro se complaint has been construed as an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Plaintiff's claims arise from alleged actions by Ms. Gattison and Mr. Sochor at their Norfolk office in May 1990. Plaintiff alleges that Ms. Gattison and Mr. Sochor conspired to deprive him of notice of an order to show cause in a deportation proceeding brought against him in Virginia.  As a result of their misconduct, plaintiff alleges, the deportation proceeding went forward without his participation and he was ordered deported.

He seeks money damages and injunctive relief.

On September 9, 2008, Magistrate Judge Martinez granted plaintiff's motion to proceed in forma pauperis but recommended that the complaint be dismissed for failure to state a claim on which relief can be granted.  Judge Martinez pointed out that in this Circuit, as a result of a recent decision, a Bivens remedy is unavailable for claims arising from any action taken or proceeding brought to remove an alien from the United States under the authority conferred on the Attorney General.  See Arar v. Ashcroft, 532 F.3d 157, 184 (2d Cir. 2008).

On November 17, 2008, this Court issued an order to the plaintiff requiring him to show cause why the action should not be transferred to the Eastern District of Virginia, where the individual defendants are located and the underlying events occurred.  The Court called on the plaintiff to show a connection between his claims and Connecticut.  In his response, plaintiff asks this Court to retain the case essentially because Mr. Sochor has "political clout and connections" in Norfolk.  This is not a sufficient reason to keep the case in Connecticut.

Accordingly, in the interest of justice, the case is hereby transferred to the Eastern District of Virginia, where it could have been brought in the first instance.  The Clerk is ordered to notify the plaintiff of the address in the Eastern District where he should direct further pleadings or documents in this matter. Because the action is being transferred, the Magistrate Judge's

recommended ruling that the action be dismissed is moot.

So ordered.

Dated at Hartford, Connecticut this 29th day of January 2009.

                                                  /s/ RNC
Robert N. Chatigny
United States District Judge